IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>KRISTOPHER ARMON WARREN, )<br>Defendant. )<br>) | Criminal Case No. 4:24CR72-1 (RCY) |

### **MEMORANDUM OPINION**

Defendant Kristopher Armon Warren, who is proceeding *pro se*, is currently charged in a thirty-six count Indictment, which charges him with, *inter alia*, bank fraud and aggravated identity theft. The matter is before the Court on Mr. Warren's Motion for Bill of Particulars, ECF No. 51. Therein, Mr. Warren seeks additional discovery information. For the following reasons, the Court will deny Mr. Warren's Motion for Bill of Particulars.

### **I. BACKGROUND**

On October 21, 2024, the grand jury returned an indictment charging the Defendant with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, fifteen counts of bank fraud, in violation of 18 U.S.C. § 1344, one count of theft of government property, in violation of 18 U.S.C. § 641, four counts of false statements within jurisdiction of agency the United States, in violation of 18 U.S.C. § 1001, nine counts of making, uttering, and possessing forged securities of a private entity, in violation of 18 U.S.C. § 513(a), five counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A, and one count of unlawful possession of postal keys, in violation of 18 U.S.C. § 1704. *See generally* Indictment, ECF No. 3. The indictment pending before the Court also contains a criminal forfeiture allegation. *Id.* The Defendant was arraigned on November 18, 2024, at which time the Defendant elected to represent himself. That same day, the

Court entered a discovery order over the Defendant's objection, ECF No. 32, and a Due Process Protections Act Order as to the Defendant reminding the Government of its obligation under *Brady* and its progeny, ECF No. 31.

The Court held a status conference on March 31, 2025, to discuss the status of discovery provided to the Defendant, during which the Court heard from the Government, standby counsel, and the Defendant. ECF No. 55. During the status conference, the Government proffered that it provided all discovery to the Defendant by way of producing it to standby counsel. Standby counsel confirmed receipt of the discovery materials and informed the Court that he had provided the Defendant with all public discovery and that he gave the Defendant the opportunity to visit his office in order to view the non-public discovery. The Defendant confirmed that he received a letter with a hard drive from standby counsel but that he had not visited standby counsel's office to view the non-public discovery at that time. At the conclusion of the status conference, the Court ordered the Defendant to review the remaining discovery available at this stage in the criminal proceedings with standby counsel within seven days; this directive was reaffirmed in an Order entered on April 1, 2025. ECF No. 57.

Days before the status conference, on March 27, 2025, the Defendant filed the instant Motion for Bill of Particulars. ECF No. 51. On April 10, 2025, the Government responded. Resp. Opp'n, ECF No. 62. The Defendant's reply was due April 16, 2024, but he failed to file any reply. The Motion for Bill of Particulars is accordingly ripe for review. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process.

## II.  STANDARD OF REVIEW

Pursuant to Federal Rule of Criminal Procedure 7(f), the Court may direct the Government to file a bill of particulars.  Federal Rule of Criminal Procedure requires the indictment to contain a "plain, concise, and definite written statement of the essential facts constituting the offense." Fed. R. Crim. P. 7(c).  A court may deny a motion for a bill of particulars when "each count of an indictment contains the official citation of the statute under which the defendant is charged and the evidence constitutes precise proof of the charges in the indictment." *United States v. Bales*, 813 F.2d 1289, 1294 (4th Cir. 1987) (affirming the district court's denial of a motion for a bill of particulars when "[t]he indictment list[ed] [the defendant's] offenses . . . [including] the precise social security number and allegedly false address which he used").

## III. DISCUSSION

Notwithstanding its title, Mr. Warren's Motion for Bill of Particulars largely revolves around what appears to be a request for full discovery.  *See generally* Mot. Bill Particulars.  In particular, Mr. Warren requests all statements made against him, 911 calls, anonymous tips to police against him, all surveillance, text messages, pictures, warrants, affidavits, and any other evidence relevant to his case.  *Id.*

In response, the Government lays out how the indictment against Mr. Warren meets the requirements of Federal Rule of Criminal Procedure 7.  Resp. Opp'n 2–3, ECF No. 62.  Thus, the Government argues that a bill of particulars is not necessary.  *Id.*  The Government also notes that a motion for a bill of particulars is not an appropriate tool for discovery.  *Id.* at 3–5.  Lastly, the Government contends the discovery provided negates the need for a bill of particulars.  *Id.* at 5–6.

The Court addresses each of the issues laid out by the Government below.

**A. Bill of Particulars**

A bill of particulars is used to (1) "enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial," (2) "minimize the danger of surprise at trial," and (3) "enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." *United States v. Schembari*, 484 F.2d 931, 934–35 (4th Cir. 1973). A bill of particulars is "not to be used to provide detailed disclosure of the government's evidence in advance of trial," *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985) (citation omitted), but instead "amplifies the indictment by providing missing or additional information so that the defendant can effectively prepare for trial." *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir.1996) (citations omitted).

The Defendant does allege that the Indictment is insufficient or is missing information such that the Defendant cannot effectively prepare for trial. *See generally* Mot. Bill Particulars. In contrast, the Government notes that the Indictment sets out the charged offenses in "relentless detail," including the specific dates, victims, and financial institutions in paragraphs eight (8) through fourteen (14). Resp. Opp'n 3; *see also* Indictment.

For the forgoing reasons, the Court finds that the Indictment comports with Federal Rule of Criminal Procedure 7. The twenty-page indictment is far from bare bones and includes "sufficient information of the nature of the charges against [Defendant Warren] so that he may prepare for trial." *Schembari*, 484 F.2d at 935. Here, the Indictment includes, *inter alia*, general allegations, details of each count the defendant is charged with, and the ways, manner, and means of the conspiracy. *See* Indictment 2–5. The Indictment contains details about the bank fraud and aggravated identity theft scheme that the Defendant is accused of committing, including dates, dollar amounts, financial institutions, and even the last four digits on the alleged counterfeit

checks. *See id.* Based on such information, the Defendant "was informed of the exact nature of his alleged offense[s]," and therefore the Court is satisfied that the Indictment provides sufficient information to "minimize the danger of surprise at trial" and enables the Defendant to properly prepare for trial and to avoid double jeopardy. *See Schembari*, 484 F.2d at 934–35.

**B. Discovery**

Citing *Brady v. Maryland*, the Defendant asks that the Court order the Government to provide statements made against him, 911 calls, anonymous tops to police against him, all surveillance, text messages, pictures, warrants, affidavits, and any other evidence. Mot. Bill Particulars.

The Government addresses the Defendant's request for discovery by making two arguments: First, that a bill for particulars is not the appropriate tool for discovery, and second, that any need for a bill of particulars is moot given the production of discovery that has already taken place in this case. Resp. Opp'n 3–6. The Government does not specifically address the Defendant's *Brady* reference other than to proffer that the Government has fully complied with its obligations under *Brady*.[1] *See id.* at 5–6.

The Court agrees with the Government on both counts. First, a bill of particulars is not designed to "provide detailed disclosure of the government's evidence in advance of trial."

---

[1] To the degree that the Defendant argues that the Government has violated *Brady v. Maryland*, that argument is unavailing. 373 U.S. 83 (1963). There is no general Constitutional right to discovery in a criminal case. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 59–60 (1987). The rule set forth in *Brady v. Maryland* requires only that prosecuting attorneys disclose any evidence that is exculpatory and is "material" to the defendant. *See generally id.* The Court cannot find a *Brady* violation when there is "no record evidence to the contrary" and a defendant offers no more than "rank speculation as to the nature of the allegedly suppressed materials." *United States v. Young*, 916 F.3d 368, 383–84 (4th Cir. 2019). The Court finds that the Defendant's request is largely moot based on the Government's representation in its response and at the March 31, 2025 hearing. ECF No. 55. The Court also considers standby counsel's representations that it provided non-sensitive discovery to the Defendant, the Defendant's statements from the March 31, 2025 hearing that he received said materials from standby counsel, as well as the Court's order directing Defendant to meet with standby counsel to review the sensitive discovery materials. *See id.*; Order, ECF No. 57.

*Automated Med. Labs., Inc.*, 770 F.2d at 405. So, to the degree that the Defendant seeks a bill of particulars for additional discovery, which he appears to do, that argument fails.

Second, a bill of particulars is not necessary when the Government has provided "extensive" discovery to the Defendant, as the Government has done in this case. *See United States v. Soc'y of Indep. Gasoline Marketers of Am.*, 624 F.2d 461, 466 (4th Cir. 1979); *see also United States v. Offill*, 2023 WL 2385608, at *5 (E.D. Va. Mar. 6, 2023) ("[T]his Court has recognized that "[a] defendant is not entitled 'to an unnecessary bill of particulars, where the underlying objectives of a [Rule 7] motion are fully satisfied by informal and formal discovery.'" (quoting *United States v. Ahmad,* 2014 WL 2766121, at *8 (E.D. Va. June 19, 2014))). As described *supra* note 2, the Court finds that the Defendant has access to all public and non-public discovery that is available at this stage in the criminal proceedings. Further, the Court finds that there is no evidence suggesting that the Government failed to comply with its obligations under *Brady* thus far, and the Defendant offers no more than "rank speculation as to the nature of the allegedly suppressed materials." *United States v. Young*, 916 F.3d 368, 383–84 (4th Cir. 2019).

Accordingly, a bill of particulars is not warranted from a discovery perspective.

### IV. CONCLUSION

For the reasons stated above, the Court does not find that the Indictment is lacking so as to surprise the Defendant or otherwise impede his ability to prepare for trial. Therefore, Mr. Warren's Motion for Bill of Particulars will be denied.

An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: May 13, 2025
Richmond, Virginia