IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>KRISTOPHER ARMON WARREN,   )<br>   Defendant.   )<br>_____)  | Criminal Case No. 4:24CR72-1 (RCY) |

### **MEMORANDUM OPINION**

Defendant Kristopher Armon Warren, who is proceeding *pro se*, is currently charged in a thirty-six count Indictment, which charges him with, *inter alia*, bank fraud and aggravated identity theft. The matter is before the Court on Mr. Warren's Motion to Return Property, ECF No. 52, and his Motion to Amend, ECF No. 54. Therein, Mr. Warren seeks the return of his Tesla, and the contents thereof, after the Tesla was seized pursuant to a federal warrant. For the following reasons, the Court will grant the Defendant's Motion to Amend but deny the Defendant's Motion to Return Property.

### **I. BACKGROUND**

On October 21, 2024, the grand jury returned an indictment charging the Defendant with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, fifteen counts of bank fraud, in violation of 18 U.S.C. § 1344, one count of theft of government property, in violation of 18 U.S.C. § 641, four counts of false statements within the jurisdiction of an agency of the United States, in violation of 18 U.S.C. § 1001, nine counts of making, uttering, and possessing forged securities of a private entity, in violation of 18 U.S.C. § 513(a), five counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A, and one count of unlawful possession of postal keys, in violation of 18 U.S.C. § 1704. *See generally* Indictment, ECF No. 3. The indictment pending before the Court also contains a criminal forfeiture allegation. *Id.* The Defendant was arraigned

on November 18, 2024, at which time the Defendant elected to represent himself. Over the Defendant's objection, the Court appointed standby counsel for the Defendant.

On March 20, 2025, Postal Inspector Stefan Hinds took out a warrant against the Defendant's Tesla vehicle and its associated key and card key; the warrant authorized Inspector Hinds to seize said property because the Magistrate Judge found probable cause that it was subject to civil and criminal forfeiture. Warrant 1, 3, ECF No. 69.[1] Inspector Hinds executed the warrant on March 25, 2025, and the Defendant's vehicle was seized, towed, and inventoried.[2] *Id.* at 2; Resp. Opp'n Ex. 2, ECF No. 63-2; Resp. Opp'n Ex. 3, ECF No. 63-3. The following day, March 26, 2025, the Government filed a Notice of Particulars for Forfeiture of Property to supplement the criminal forfeiture notice contained within the Indictment. Notice Particulars, ECF No. 49. Therein, the Government identified the Defendant's Tesla as subject to forfeiture. *Id.*

On March 27, 2025, the Defendant filed a Motion to Return Property. ECF No. 52. And on May 31, 2025, the Defendant filed a Motion to Amend accompanied by a number of exhibits proffered as evidence that he purchased his vehicle lawfully. ECF No. 54. On April 10, 2025, the Government responded to the Defendant's Motion to Return Property. Resp. Opp'n Return Property, ECF No. 62. Thereafter, the Government timely filed its Response to the Defendant's Motion to Amend on April 17, 2025. Resp. Opp'n Mot. Amend, ECF No. 71. On April 18, 2025, the Defendant filed a Motion for Reargument, Reply, ECF No. 72, which this Court construed as a consolidated Reply in support of both his Motion to Return Property and Motion to Amend.

---

[1] After obtaining leave of Court, the Government filed the warrant application and the return of the warrant as Sealed Exhibit 1 to its Response in Opposition to the Defendant's Motion to Return Property. Warrant, ECF No. 69; s*ee* ECF Nos. 64, 65.

[2] The United States Postal Inspection Service inventoried the contents of the Defendant's Tesla; however, Inspector Hinds later obtained dash camera footage showing that the Defendant entered the vehicle during the execution of the seizure warrant and is believed to have removed a mobile device from the vehicle. Resp. Opp'n Return Property Ex. 2, ECF No. 63-2.

Reply, ECF No. 82.  The Defendant's Motions are accordingly ripe for review.  The Defendant requests a hearing because the Government's responses "made no sense."  Reply, ECF No. 72. Despite this request, the Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Criminal Procedure 41(g), a Defendant "aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  Fed. R. Crim. P. 41(g).  The Court is not required to conduct a hearing under Rule 41(g), *see Hill v. United States*, 296 F.R.D 411, 414 (E.D. Va. 2013) (quoting *United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007)), *aff'd* 567 F. App'x 202 (4th Cir. 2014), but it must "receive evidence on any factual issue necessary to decide the motion," Fed. R. Crim. P. 41(g); *see also Hill*, 296 F.R.D at 414.  It is proper to deny a Rule 41(g) motion "if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or [to] the government's need for the property as evidence continues."  *United States v. Sosa*, 599 F. App'x 69, 70 (4th Cir. 2015) (quoting *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008)); *see also United States v. Rudisill*, 358 F. App'x 421, 422 (4th Cir. 2009) (citing *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1060–61 (9th Cir. 1991)).

## III. DISCUSSION

The ultimate question before the Court is whether the Defendant's property must be returned to him prior to trial.  The Defendant seeks the return of his Tesla, and the contents thereof, following its seizure pursuant to a federal warrant.  Mot. Return Property, ECF No. 52.  The Defendant claims that the Tesla "is legit" because he purchased the vehicle with untainted funds. *Id.*  The Defendant supports this assertion by way of his Motion to Amend, to which he attached

3

two checks, his bank account history, and the motor vehicle purchase agreement.  Mot. Amend, ECF No. 54.  The Defendant also raises two ancillary issues about (1) the scope of the seizure and subsequent search following the execution of the warrant, and (2) the execution of the warrant.  *Id.*; Mot. Return Property.

The Government contends that the Defendant's motion is procedurally premature because the Government has commenced criminal forfeiture proceedings against the Defendant and the only grounds for pretrial release of seized assets are not implicated here.  Resp. Opp'n Mot. Amend 3–6, ECF No. 71 (citing *United States v. Farmer*, 274 F.3d 800 (4th Cir. 2001)).  With respect to the Defendant's ancillary arguments, the Government contends, first, that the search was proper based on the inventory search exception, and second, that the warrant was lawfully executed.  Resp. Opp'n Mot. Return Property 4–6.

The Court will first address the heart of the matter—whether the Defendant's Tesla must be returned to him.  Because the Court must make a determination on the Defendant's 41(g) motion, it will grant the Defendant's Motion to Amend, as the Court must "receive evidence."  Fed. R. Crim. P. 41(g).  After considering the Tesla, the Court will briefly touch on the ancillary matters raised by the Defendant as they relate to his Motion to Return Property.

**A. Tesla Vehicle**

The Defendant seeks the return of his property seized pursuant to a federal warrant because he claims that his Tesla was not purchased with fraud proceeds, therefore it is unlawful for the Government to retain possession of his vehicle.  Mot. Return Property.  The Government contends that the motion is procedurally improper and that the Defendant is not entitled to a hearing on the issue until the forfeiture phase of the criminal trial.  Resp. Opp'n Mot. Amend 3–5.  The Government also notes that the seizure was proper based on the criminal forfeiture allegation contained in the indictment, the notice of particulars for forfeiture of the Defendant's Tesla, and

the warrant to seize property subject to forfeiture, which was supported by probable cause that the Defendant purchased the Tesla with the proceeds of the bank fraud and bank fraud conspiracy. *Id.* at 1, 3–5; *see* Indictment, ECF No. 3; Notice Particulars, ECF No. 49; Warrant, ECF No. 69; Resp. Opp'n Return Property 3.

The Defendant's argument in his motion to return property is unavailing. In this Circuit, the only time an indicted defendant is entitled to potential[3] pretrial return of seized assets is when the defendant can make "a threshold showing that the Government may have seized untainted assets and that the defendant needs those assets to hire counsel." *United States v. Johnson*, 683 F. App'x 241, 248 (4th Cir. 2017) (citing *United States v. Farmer*, 274 F.3d 800, 801 (4th Cir. 2001)) (ultimately affirming the district court's denial of a Rule 41(g) motion to return property). Here, although Mr. Warren has submitted documentation that he claims establishes the "untainted" nature of the funds used to purchase the Tesla, *see* Mot. Amend, he has not made any argument or representation that he needs the Tesla back so that he may have sufficient assets *to hire counsel*. Thus, Mr. Warren has not satisfied the threshold showing under *Farmer* to even open the door to an evidentiary hearing on the question, let alone established that he is entitled to pretrial return of the seized vehicle. Mr. Warren may challenge the sufficiency of the evidence tying his vehicle to criminal activity or otherwise qualifying it as a forfeitable asset at the appropriate time, i.e., at the forfeiture stage of his trial. *See* Fed. R. Crim. P. 32.2(b)(1)(B) ("If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or [a] finding of guilt[].");  *see also, e.g.*, *United States v. Stegemann*, 40 F. Supp. 3d 249, 264–65 (S.D.N.Y. 2014) ("Should [the defendant] be found guilty at trial, he will be entitled to seek a hearing before the [property]

---

[3] "Potential," because making this threshold showing only entitles the defendant to a hearing on the question—it is then for the Court to determine whether the moving defendant has proven "by a preponderance of the evidence that the government seized untainted assets without probable cause and that he needs those same assets to hire counsel." *Johnson*, 683 F. App'x at 248 (quoting *Farmer*, 274 F.3d at 805).

is forfeited."); *United States v. Latorre*, 2020 WL 7685935, at *8 (N.D. Ga. Nov. 23, 2020) (finding that, because the property seized was "identified in the Bill of Particulars filed by the government as being subject to forfeiture . . . pursuant to the forfeiture allegations of the indictment," the defendant was "entitled to challenge the forfeiture on the merits *during the forfeiture phase* of his criminal trial" (emphasis added) (citing *Panos v. United States*, 2014 WL 317784, at *3 (W.D. La. Jan. 27, 2014))); *United States v. Durante*, 2012 WL 2863490, at *1 (D.N.J. July 11, 2012) ("Given this forfeiture allegation, the Government will bear the burden of proof of its right to the cash during the forfeiture phase of the trial.").

The Motion to Return Property will therefore be denied with respect to the Tesla for failing to satisfy the *Farmer* test and otherwise as procedurally premature.

**B. Contents of the Tesla Vehicle**

Mr. Warren also seeks the return of his items located within his Tesla at the time it was seized, and he contests the constitutionality of said seizure because the warrant was for the Tesla and not its contents. *See generally* Mot. Return Property; Reply. The Government contends that the seizure of the property within the Tesla was proper under the inventory exception and that the Defendant is not entitled to its return because certain items[4] are suspected contraband and evidence in the instant case. Resp. Opp'n Return Property 4.

As an initial matter, it is not improper for a law enforcement agency to conduct an inventory search after seizing a car, so long as it is executed in accordance with the agency's policies and procedures. *See Well v. Fuentes*, 126 F.4th 882, 894 (4th Cir. 2025); *United States v. Horsley*, 105 F.4th 193, 215 (4th Cir. 2024) ("We have previously approved the search of a vehicle seized for

---

[4] The Court notes that the Government makes no objection to returning the Defendant's backpack and shoes that were seized. Resp. Opp'n Return Property 5. The Government offers that it will return this specific property once the Defendant submits a request to the United States Postal Inspection Service. *Id.*

forfeiture."); *id.* at 216 ("Officers may conduct an inventory search of an automobile if circumstances reasonably justify seizure, and law enforcement conducts the inventory search according to routine and standard procedures designed to secure the vehicle or its contents." (citing *United States v. Bullette*, 854 F.3d 261, 265 (4th Cir. 2017))). Here, the Defendant does not argue that the agency failed to follow procedures or policy, only that its seizure exceeded the scope of the warrant. The Court does not find that the seizure was improper because there is no evidence, and the Defendant does not argue, that the inventory search was not "conducted according to standardized criteria"—only that it exceeded the scope of the warrant. *Horsley*, 105 F.4th at 216 (quoting *United States v. Banks*, 482 F.3d 733, 739 (4th Cir. 2007)); *see also* 39 C.F.R. § 233.7(e) ("The Postal Inspection Service shall prepare an inventory of any seized property."); Resp. Opp'n Return Property Ex. 3, ECF No. 63-3 (United States Postal Inspection Service Inventory Form).

With respect to the continuing seizure of the following items—the New Jersey Toll Receipt, Black Cell Phone, marijuana, and Auto Club Enterprises check made payable to the Defendant—the Defendant's argument fails because his request is procedurally premature for the reasons described *supra* with respect to the Tesla. However, even if the Court found that it was not procedurally inappropriate, the Defendant is not entitled to property that "is contraband . . . or [conflicts with] the government's need for the property as evidence." *Sosa*, 599 F. App'x at 70; Resp. Opp'n Return Property Ex. 3, ECF No. 63-3. As the Government argues in its Response in Opposition, and as the Court later heard during the Defendant's May 12, 2025 bond revocation hearing, the Government retained the aforementioned property as evidence of ongoing criminal activity related to the Defendant's underlying offense and as evidence that the Defendant violated his conditions of release.[5] Resp. Opp'n Return Property 4–5; Order Revoking Bond, ECF No.

---

[5] Specifically, that the Defendant travelled outside of the Eastern District of Virginia, possessed marijuana, which is illegal under Federal law, and possessed a phone after telling his probation officer that he did not have one. Resp. Opp'n Return Property 4–5.

101. Accordingly, the Court will also deny the Motion to Return Property with respect to the Tesla's contents.

### C. Execution of the Warrant

Finally, in seeking the return of his property, the Defendant alleges that the warrant was not executed properly because (1) he was not served properly, (2) law enforcement did not inform the Defendant what was occurring, and (3) the officer "went into crazy mode." Mot. Return Property. However, the Defendant does not identify why the purportedly improper execution of the warrant would constitute a basis for the return of his property, nor has this Court found any statutory authority or caselaw to suggest as much. Absent controlling caselaw on the issue, the Court does not find that the manner of execution of the seizure warrant constitutes a basis for the return of the Defendant's property.

### IV. CONCLUSION

For the reasons stated above, the Court will grant the Defendant's Motion to Amend but deny the Motion to Return Property, because the Court does not find that the Defendant has satisfied *Farmer*'s threshold showing, nor can he demonstrate that he is entitled to the return of "property [that] is contraband or subject to forfeiture or the government's need for the property as evidence continues." *Sosa*, 599 F. App'x at 70.

An appropriate Order shall issue.

                                                          /s/ RCY
                                            Roderick C. Young
Date: May 21, 2025                       United States District Judge
Richmond, Virginia